```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
NORTHFIELD INSURANCE
COMPANY,

                    Plaintiff,                          MEMORANDUM AND ORDER
        -against-                                       13-CV-1719 (FB) (MDG)

OMNI BUILD, INC.,

                    Defendant.
---------------------------------------------------x
```

*Appearances:*
| | |
|---|---|
| *For the Plaintiff:* | *For the Defendant:* |
| ALAN C. EAGLE, ESQ. | ALAN L. FRANK, ESQ. |
| FRANK A. VALVERDE, ESQ. | Alan L. Frank Law Associates, P.C. |
| Rivkin Radler LLP | 135 Old York Road |
| 926 RXR Plaza | Jenkintown, PA 11556 |
| Uniondale, NY 11556 | |

**BLOCK, Senior District Judge:**

Plaintiff Northfield Insurance Company ("Northfield") seeks a declaratory judgment that it has no duty to defend or indemnify defendant Omni Build, Inc. ("Omni") in an underlying New York State Supreme Court action (the "state court action") that was settled on September 8, 2014. Northfield moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the Court finds that Northfield is not obligated to defend or indemnify Omni in the state court action because of an exclusion contained in the general liability insurance policy it issued to Omni. Accordingly, Northfield's motion is granted.

# I.

The following undisputed facts are taken from the parties' Rule 56.1 statements and the record evidence. Omni had a Commercial General Liability Insurance Policy (the "Policy") with Northfield for a period covering October 15, 2008 to October 15, 2009. The Policy provided general coverage for lawsuits against Omni for "bodily injur[ies]" caused by an "occurrence" – defined as an "accident" – taking place during the policy period. McCormick Aff., Ex. 1. However, the Policy contained the following Contracted Persons Exclusion (the "Exclusion"):

> This insurance does not apply to "bodily injury," . . . sustained by any person who is:
>
> (1) contracted with you or with any insured for services, or
> (2) employed by, leased to or contracted with any entity that is:
>  (a) contracted with you or with any insured for services, or
>  (b) contracted with others on your behalf for services.

*Id.*

During the policy period, Omni served as the general contractor for a construction project in Brooklyn, New York (the "Project"). Omni hired Zom Corp. ("Zom") as a masonry subcontractor on the Project. In that capacity, Zom was responsible for constructing the building's walls with cinder blocks. To fulfill its duties on the Project, Zom contracted with Stone Age Equipment ("Stone Age") – a rental company – for a boom truck that was used to hoist cinder blocks to floors of the building under construction.

On April 27, 2009, Jerzy Snop ("Snop"), a Stone Age employee, was allegedly injured while hoisting a pallet of cinder blocks on the Project (the "Accident"). In March 2010, Snop commenced the state court action against Omni and the building's owners.[1] Northfield received written notice of the state court action from Omni on April 22, 2010.[2] In the notice, Omni stated that it had "absolutely NO knowledge of what allegedly happened" and did "not recall any names or activities." McCormick Aff., Ex. 2 (emphasis in original). The next day, April 23, 2010, Northfield contacted Snop's attorney and learned that Snop was employed by Stone Age at the time of the Accident. However, Snop's attorney did not know who hired Stone Age for the Project.

On April 29, 2010, Northfield advised Omni in writing that it "d[id] not believe" it had "a duty to indemnify" Omni in the state court action because of the Exclusion. McCormick Aff., Ex. 2. Northfield told Omni that it learned that Snop was a Stone Age employee and that it appeared Snop was alleging that "Omni hired [Stone Age] as a subcontractor" on the Project. *Id.* Northfield maintained that it would disclaim coverage for the Accident under Section 2(a) of the Exclusion if this allegation was

---

[1] Zom and Stone Age eventually became parties to the state court action. On or about September 8, 2014, all parties to the state court action entered into a confidential settlement agreement.

[2] Omni's notice letter was dated April 13, 2010. However, Northfield's claim notes show that the letter was not received until April 22, 2010 and Omni has submitted no evidence to the contrary.

3

established.  Northfield further "reserve[d] the right to modify its coverage position at any time upon receipt of additional information." *Id.*

On May 5, 2010, Northfield retained an investigator to contact Stone Age regarding its connection to the Project.  On May 7, 2010, the investigator reported that he spoke with a Stone Age assistant manager who did not know who hired Stone Age for the Project.  In a separate email, the investigator stated that the assistant manager:

> [C]ould not recall if his company was contracted by [Omni].  He said his company is typically contracted by the masonry contractor, to fabricate and deliver large masonry pieces to job sites.  [He] believes this may have been the case at this particular job site.

Omni's Response to Plaintiff's Rule 56.1 Statement, Ex. I.  On May 11, 2010, the investigator further reported that he spoke with a Stone Age Manager who could not remember who obtained the boom truck for the Project.

On May 17, 2010, Northfield requested an update on the investigation.  On May 20, 2010, the investigator first reported to Northfield that Zom – not Omni – contracted with Stone Age for the Project.  The investigator's report included a written statement from Zom's owner – dated May 18, 2010 – declaring that Zom enlisted Stone Age to work on the Project.  On this information, Northfield determined that it could disclaim coverage to Omni in the state court action based on Section 2(b) of the Exclusion.  Northfield sent Omni a letter to that effect on May 20, 2010.

**II.**

Omni does not dispute that the state court action falls within Section (2)(b) of the Exclusion. Rather, Omni argues that Northfield waived its ability to rely on, and failed to timely disclaim coverage under, that provision. "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a). An issue of fact is genuine if the "evidence is such that a reasonable jury could return a judgment for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**A.     Contracted Persons Exclusion**

Omni is correct in not challenging the applicability of Section (2)(b) of the Exclusion because it clearly encompasses the state court action. *See Belt Painting Corp. v. TIG Ins. Co.*, 100 N.Y.2d 377, 383, 763 N.Y.S.2d 790, 795 N.E.2d 15 (2003) ("[T]o negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case.") (internal citation omitted). Here, the state court action involved "bodily injury" to a "person" – Snop – who was employed by an "entity" – Stone Age – that "contracted with others" – Zom – "on [Omni's] behalf for services" – hoisting pallets of cinder blocks on the Project. Courts have regularly found similar exclusions to bar coverage under like circumstances. *See Atl. Cas. Ins. Co. v. W. Park Assocs.*, 585 F. Supp. 2d 323, 326 (E.D.N.Y. 2008) (holding

that a similar exclusion precluded coverage for bodily injury sustained by an employee of the insured's sub-subcontractor); *see also U.S. Underwriters Ins. Co. v. Beckford*, No. 93-CV-4272, 1998 WL 23754, at *3 (E.D.N.Y. Jan 20, 1998) ("The language of the Employee Injury Exclusion clearly contemplates that a contractor could be retained by a party other than the insured on the insured's behalf, and that an injury to that contractor or its employee would fall within the scope of the exclusion."). Accordingly, Section (2)(b) of the Exclusion expressly precludes coverage for the Accident.

**B.     Waiver**

Omni maintains that Northfield waived its right to disclaim coverage under Section (2)(b) of the Exclusion because it raised only Section (2)(a) in its initial April 29, 2010 letter. Under New York law, "where the issue is the existence or nonexistence of coverage (e.g., the insuring clause and exclusions), the doctrine of waiver is simply inapplicable." *Albert J. Schiff Assoc. Inc. v. Flack*, 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 417 N.E.2d 84 (1980). Here, Section (2)(b) of the Exclusion clearly precludes coverage for the state court action. As such, Omni's waiver argument necessarily fails. *See Dataflow, Inc v. Peerless Ins. Co.*, No. 3:11-CV-1127, 2014 WL 488 1534, at *9 (N.D.N.Y. Sept. 30, 2014) ("[T]he waiver doctrine does not apply when there would otherwise be no coverage under the terms of the relevant policy; waiver cannot be used to create coverage where none would otherwise exist."); *see also Coregis Ins. Co. v. Lewis, Johs, Avallone, Aviles and Kaufman, LLP*, No. 01-CV-3844, 2006 WL 2135782,

at *14 (E.D.N.Y. July 28, 2006) ("Where an exclusion makes clear that coverage under an insurance policy does not exist, coverage cannot be attained by waiver. . . .").

**C. Timeliness of Disclaimer**

Omni also contends that Northfield is precluded from relying on Section (2)(b) of the Exclusion because its disclaimer was untimely under New York Insurance Law. *See* N.Y. INS. LAW § 3420(d) ("[An insurer] shall give written notice as soon as is reasonably possible of . . . denial of coverage to the insured. . . ."). Under New York law, "[i]f [an] insurance carrier fails to disclaim coverage in a timely manner, it is precluded from later successfully disclaiming coverage." *NGM Ins. Co. v. Blakely Pumping, Inc.*, 593 F.3d 150, 153 (2d Cir. 2010). The "timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for . . . denial of coverage." *First Fin. Ins. Co. v. Jetco Contr. Corp.*, 1 N.Y.3d 64, 68-69, 769 N.Y.S.2d 459, 801 N.E.2d 835 (2003).

Northfield first discovered that it could disclaim coverage pursuant to Section (2)(b) of the Exclusion on May 20, 2010 when its investigator reported that Zom – not Omni – contracted with Stone Age to work on the Project. Until that point, Northfield only knew that the state court action did not fall within Section (1) of the Exclusion as Snop was not employed by Omni. Northfield still needed the investigator's report to establish Stone Age's connection to the Project and determine whether coverage was precluded by either Section (2)(a) or (2)(b) of the Exclusion. Accordingly, Northfield's

7

disclaimer, which was made on the same day that it learned of the proper provision in the Exclusion on which it could deny coverage, was timely as a matter of law.[3] *See First Fin. Ins. Co.*, 1 N.Y.3d 64 at 66 ("[O]nce the insurer has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage, it must notify the policyholder in writing as soon as is reasonably possible.").

### III.

For the foregoing reasons, Northfield's summary judgment motion is granted. The Court declares that Northfield has no duty to defend or indemnify Omni with respect to the claims asserted against Omni in the state court action.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 2, 2015

---

[3] To the extent Omni maintains that Northfield could have asserted Section (2)(b) of the Exclusion upon receiving the investigator's May 7, 2010 email report, Northfield's disclaimer thirteen days later on May 20, 2010 was still timely as a matter of law. *See Quincy Mut. Fire Ins. Co v. Enoe*, 107 A.D.3d 775, 776, 967 N.Y.S.2d 130 (2nd Dep't 2013) (holding that an insurer's disclaimer twenty-one days after learning of the grounds for denial was timely as a matter of law); *see also Magistro v. Buttered Bagel, Inc.*, 79 A.D.3d 822, 825, 914 N.Y.S.2d 192 (2nd Dep't 2010) (finding that an insurer's disclaimer three weeks after receiving an investigator's report was timely as a matter of law).