UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
NORTHFIELD INSURANCE
COMPANY,

        Plaintiff,

  -against-

OMNI BUILD, INC., and JERZY SNOP,

        Defendants.

OMNI BUILD INC.
        Third-Party Plaintiff,

  -against-

RELIABLE GENERAL AGENCY, INC.,
and DIMVER & ASSOCIATES, INC.

        Third-Party Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-01719 (FB) (MDG)

*Appearances*
*For the Third-Party Plaintiffs:*
ALAN L. FRANK, ESQ.
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046

*For the Third-Party Defendants:*
JACK BABCHIK, ESQ.
Babchik & Young, LLP
200 East Post Road
White Plains, NY 10601

KENNETH C. MURPHY, ESQ
Simon & Partners LLP
551 Fifth Avenue
New York, NY 10176

**BLOCK, Senior District Judge:**

Defendant Jerzy Snop had sued defendant Omni Build, Inc. ("Omni") in state court for injuries he sustained while working at a construction site; Omni was the general contractor. While the lawsuit was pending, plaintiff Northfield Insurance Company ("Northfield"), invoking diversity jurisdiction, initiated this action for a declaratory judgment that it had no duty to either defend or indemnify Omni for Snop's damages. Omni then filed the subject third-party complaint against Reliable General Insurance Agency, Inc. ("Reliable") and Dimver and Associates, Inc. ("Dimver"), alleging state law claims for their failures in assisting Omni to procure an insurance policy that was suitable for their business needs; diversity jurisdiction was not lost.

On February 2, 2015, the Court granted Northfield's motion for summary judgment, agreeing that it had "no duty to defend or indemnify Omni with respect to claims asserted against Omni in the state court action." Order, 8, ECF No. 49.

On October 27, 2015, Magistrate Judge Go ordered the parties to show cause why the Court should retain supplemental jurisdiction over the remaining state law third-party complaint.

Federal district courts have supplemental jurisdiction over state-law claims

"that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). *Id.*; *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006).

A court must balance the traditional "values of judicial economy, convenience, fairness and comity," *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n.7, 108 S.Ct. 614 (1988), in deciding whether to exercise supplemental jurisdiction. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*

Judicial economy, convenience, and fairness do not here support the exercise of supplemental jurisdiction. Although related factually, the third-party claims do not require further interpretation of the contract that was at issue between Northfield and Omni.

Accordingly, the third-party complaint is dismissed, without prejudice.

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 6, 2016